# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TAMMY LYNN FRY, as Special Administrator of the
Estate of Timothy Michael Fry, and Tammy Lynn Fry, as an heir at law of Timothy Michael Fry,
deceased,

                        Plaintiffs,

      vs.                                                        Case No. 05-2248-JWL

CITY OF GALENA, KANSAS; GARY ABRAM,
Chief of Police of Galena, Kansas, as an individual;
STEVEN NORMAN, Police Officer of the City of
Galena, Kansas, as an individual; and CHRIS CORBIT;
Deputy of the Cherokee County Sheriff's Department,
as an individual,

                        Defendants.

## ORDER APPROVING SETTLEMENT

This matter comes before the Court on the Motion to Approve Settlement filed by the parties, (Doc. 94). Plaintiffs appear through counsel of record, Barry R. Grissom. Defendants City of Galena, Garry Abram and Steve Norman appear through their counsel of record, David R. Cooper. Defendant Chris Corbit appears through his counsel of record, Wyatt M. Wright.

The Court is advised as follows and makes the following findings and orders:

     1.     After this Court's Memorandum Order and Judgment filed September 12, 2006 (Docs. 86 and 87), plaintiff filed a timely notice of appeal.

     2.     Pursuant to Tenth Circuit Rule 33.1, a mediation conference was conducted.

3. In its Memorandum Order (Doc. #86), this Court found that the individual officers or deputies involved in the alleged wrongful death of Timothy Michael Fry (hereafter "Michael Fry" or "Michael Fry deceased") were entitled to qualified immunity, did not use excessive force and that no constitutional violation occurred in or during the alleged conduct and events prior to the death of Michael Fry. Likewise, this Court found that the use of deadly force by the individual defendants were privileged under the circumstances under Kansas law and that they were properly protected by and entitled to the discretionary immunity afforded to them under the Kansas Tort Claims Act. As reflected by this Court's Memorandum Order (Doc. 86) the likelihood of reversal by the Court of Appeals of this Court's judgment in favor of defendants is remote and all parties agree that this is the case.

4. Following this Court's entry of judgment counsel for plaintiff, Mr. Grissom, conferred with plaintiff Tammy Lynn Fry (hereafter a/k/a "plaintiff") and secured from her the authority to settle the appeal and case for whatever amounts the defendants might offer towards covering litigation costs.

5. The Tenth Circuit mediation conference resulted in an agreement to pay a total of $4,500.00 towards plaintiffs' litigation costs, noting however that K.S.A. 60-1905 required apportionment of the net recovery if any. To permit such apportionment, the Tenth Circuit entered an order dismissing the appeal to permit the district court to approve the settlement and to apportion the proceeds.

6. On July 20, 2007, a hearing was held with the aforementioned counsel and the Court, and along with reviewing the file and the Motion to Approve the Settlement, the Court was fully advised in the premises and the nature and details of the settlement and the efforts to provide notice of the same and the proposed distribution of funds.

7. The court finds that costs incurred by plaintiffs well exceed the $4,500 settlement and, thus, there is no net recovery to the heirs at law of Timothy Michael Fry, to-wit: Tammy Lynn Fry, and daughters ALF (born in 1991) and ADF (born in 1993), who are the minor children of Michael Fry deceased and plaintiff, and any other heir of Michael Fry deceased.

8. Attempts to supply notice of the settlement to Tammy Lynn Fry have included (a) the mailing of certified or registered letters which were returned undelivered, (b) retention of a private investigator who reported the Fry residence appeared uninhabited, and (c) a personal visit by Mr. Grissom who observed the Fry residence to be vacant and who interviewed neighbors who were unable to advise as to Mrs. Fry's whereabouts.

9. The Court finds that given all the circumstances in the case and the merits thereof, the settlement of the case for a portion of the costs in the total amount of $4500.00 to be provided to plaintiffs' counsel and with no distribution of the settlement to plaintiff or to ALF and ADF, the two minor children of Michael Fry deceased and plaintiff, or to any other heir, is fair, just, reasonable and appropriate and the Court fully approves the settlement on those terms and the distribution of the settlement funds solely to plaintiff's counsel.

10. The Court finds that the settlement shall be binding on plaintiff and on ALF and ADF, the minor children of Michael Fry deceased and plaintiff, and any other heir of Michael Fry, and shall apply for the benefit of all defendants named or previously named in this case as full, complete, binding and satisfactory settlement of any and all wrongful death claims for the death of Michael Fry that were made or could have been made by plaintiff and any other heir of Michael Fry including, but not limited to, ALF and ADF, and any claim by plaintiff as Special Administrator of the Estate of Michael Fry.

11. That efforts to provide notice to plaintiff as the heir at law of Michael Fry and representative plaintiff for her minor children, ALF and ADF and any other heir, have been sufficient, reasonable and adequate.

It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the settlement achieved during the Tenth Circuit Rule 33.1 Mediation Conference is hereby approved as fair, just, adequate and reasonable, and that the entire proceeds of the settlement in the total amount of $4500.00 are directed to be paid to plaintiff's counsel, Barry Grissom, to defray the litigation costs incurred by plaintiff. As consequence, there is no net recovery to be apportioned to the heirs at law of Timothy Michael Fry pursuant to K.S.A. 60-1905.

It is further ORDERED, ADJUDGED and DECREED that the settlement shall be binding on plaintiff and on ALF and ADF, the minor children of Michael Fry deceased and plaintiff, and any other heir of Michael Fry, and shall apply for the benefit of all defendants named or previously named in this case as a full, complete, binding and satisfactory settlement of any and all wrongful death claims for the death of Michael Fry that were made or could have been made by plaintiff and any other heir of Michael Fry including, but not limited to, ALF and ADF, and also a full, complete, binding and satisfactory settlement of any claims brought by plaintiff as Special Administrator of the Estate of Michael Fry.

It is further ORDERED, ADJUDGED and DECREED that the efforts to provide notice to plaintiff as the heir at law of Michael Fry and representative plaintiff for her minor children, ALF and ADF, and any other heir, have been sufficient, reasonable and adequate and the Court approves the notice of this settlement and the proposed distribution that has been given to plaintiff and any other heirs of Michael Fry including, but not limited to, ALF and ADF.

Having fully adjudicated plaintiffs' claims, including state law claims of wrongful death pursuant to K.S.A. 60-1901, *et. seq.*, and having approved the settlement reached following such adjudication, this case is dismissed with prejudice in its entirety and that any and all claims and causes of action that were brought in this case by plaintiffs and each of them including any wrongful death claims by plaintiff Tammy Lynn Fry on behalf of herself and the heirs of Michael Fry, deceased including, but not limited to, ALF and ADF, are dismissed with prejudice..

**s/** John W. Lungstrum
United States District Judge John W. Lungstrum

Approved by:
**FISHER, PATTERSON, SAYLER & SMITH, LLP**
3550 S.W. 5th Street
P. O. Box 949
Topeka, Kansas  66601-0949        (785) 232-7761

**s/David R. Cooper**
David R. Cooper          #16690
**Attorneys for Defendants City of Galena, Kansas,
Garry Abram, and Steven Norman**

FOULSTON SIEFKIN, LLP
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, Kansas  66210

**s/Wyatt M. Wright**
Wyatt M. Wright          #10683
**Attorneys for Defendant Chris Corbit**

Barry R. Grissom
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, Kansas  66212-6166

**s/Barry R. Grisso**m
Barry R. Grissom #10866
Attorneys for Plaintiffs
15.23913